Judgment reversed and new trial ordered, with costs to abide event.

---

HARMON B. WHITBECK, Appellant, *against* PETER KEHR *et al.*, Respondents.

(Decided February 6th, 1882.)

Where the facts stated in a complaint may constitute either a cause of action for conversion or a cause of action upon contract, but are alleged as a single cause of action, only, and no motion to have such two causes of action separately stated is made before the trial, the court should not, upon the trial, compel the plaintiff to elect between them.

APPEAL from a judgment of the general term of the Marine Court of the City of New York affirming a judgment of that court entered upon a dismissal of a complaint, and affirming an order requiring the plaintiff to elect between causes of action stated in the complaint.

The facts are stated in the opinion.

*Charles Reinhardt,* for appellant.

*E. H. Benn,* for respondent Kehr.

*Lawrence & Waehner,* for respondent Stauf.

VAN BRUNT, P. J.—This is an appeal by the plaintiff from an affirmance by the Marine Court of a judgment rendered in favor of the defendants by direction of the court, dismissing the complaint after a trial before the court and a jury ; and also from the affirmance of the order made on the trial compelling the plaintiff to elect upon which of the causes of action set forth in the complaint he would rely. Upon the trial of the action the defendants' counsel moved that the plaintiff be compelled to elect on which cause of action he would rely. The court held that he must so elect, to which decision the plaintiff excepted.

The complaint in the action contains a statement of facts in reference to a transaction which occurred between the parties to the action. It is true that upon all the facts stated one could make out an action for a conversion or an action upon contract. There are no words alleging a conversion contained in the complaint, but there are statements of fact from which a conversion might be inferred. All these allegations are set forth as a single cause of action ; they are not separately stated, and the complaint contains no indication that the pleader supposed that he was alleging more than one cause of action. Under these circumstances we cannot see what power the court had to compel the plaintiff upon the trial to make any election in reference to what he deemed his cause of action to

Whitbeck *v.* Kehr.

be. If the defendants were of the opinion that the complaint contained two causes of action, their motion should have been at the special term or chambers of the court, to have had such causes of action separately stated, and then the question could have been squarely presented as to whether a good cause of action was set out upon either of the grounds relied upon. Then the question could also have been determined as to whether two causes of action were improperly united, which was the ground of the first motion which the defendants made to dismiss at the trial of this cause. If the plaintiff claimed that there was but one cause of action set out in the complaint, then a motion should have been made upon the part of the defendants, to have stricken out from the complaint those allegations which were not pertinent to the cause of action relied upon by the plaintiff. In this action no such motion was made, no separation of the allegations in the complaint was ever insisted upon, and the plaintiff, upon a simple narration of certain facts from which two causes of action of a different nature might be spelled out, was compelled, upon the trial, without his attention ever having been called to the subject before, to determine precisely which cause of action he would pursue.

It seems to us that until the causes of action were separated, the allegations of the one taken out and separated from the allegations of the other, so that it could be determined upon an inspection of the complaint what allegations belonged to one cause of action and what allegations to another, the plaintiff could not be called upon to elect at the trial whether he would pursue one or the other.

We are of the opinion, therefore, that the court erred in compelling the plaintiff to characterize the cause of action which his complaint contained, and that the judgment thereon must be reversed and a new trial ordered, with costs to abide the event.

BEACH, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.